United States Court of Appeals
Fifth Circuit

**F I L E D**

January 22, 2004

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT

_____

No. 03-30520
Summary Calendar

_____

MELANIE CHISHOLM, next best friend of minors Christina Chisholm
and Meredith Chisholm, ET AL.,

Plaintiffs,

LINDA ELLISON, next best friend of minor Erin Ellison, WILLIE MAE
REAMS, next best friend of minor Jonathan Turner, on behalf of
themselves and others similarly situated,

Plaintiffs-Appellees,

versus

DAVID W. HOOD, as the Secretary of the Louisiana Department of
Health and Hospitals,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
(97-CV-3274-J)

_____

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Defendant contests, as being excessive, the hourly rates set

by the district court in awarding attorney's fees to plaintiffs.

Defendant does not challenge the "lodestar", which is determined by

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

multiplying the number of compensable hours reasonably expended by a rate considered appropriate in that community. *See **Shipes v. Trinity Industries***, 987 F.2d 311, 319-20 (5th Cir. 1993). Rather, defendant contends the specific rates set by the district court for plaintiffs' experienced counsel are excessive when compared to previous awards in comparable civil rights cases, previous rates set by another district court for these very attorneys, and the non-profit status of the organization which employs two of plaintiffs' attorneys.

Although the total award for attorneys fees is reviewed for abuse of discretion, "a district court's determination of a 'reasonable hourly rate' is a finding of fact subsidiary to the ultimate award, and is, therefore, reviewable under the clearly-erroneous rubric". ***Islamic Ctr. of Miss., Inc. v. City of Starkville, Miss***, 876 F.2d 465, 468 (5th Cir. 1989).

Defendant contends that the district court erred by not considering the same cases reviewed by a magistrate judge in another action. The district court was not required to do so. Determination of the reasonable hourly rate for a particular community is generally established through affidavits of other attorneys practicing there. *E.g., **Watkins v. Fordice***, 7 F.3d 453, 458 (5th Cir. 1993). The district court evaluated, *inter alia*, two affidavits from local attorneys as to prevailing market rates, and set the rates for plaintiffs' attorneys within that range.

Defendant complains that two of plaintiffs' attorneys were awarded fees in another action at $25 per hour less than the award here. This award was not clearly erroneous. The district court must determine the appropriate rate on a case by case basis; and, in some instances, the same attorney will receive different rates for different cases. *See* ***Hopwood v. Texas***, 236 F.3d 256, 281 (5th Cir. 2000), *cert. denied by* 533 U.S. 929 (2001).

Defendant also contends that two of plaintiffs' attorneys should have been awarded fees at lower rates because of their affiliation with a non-profit organization. The Supreme Court has specifically rejected this contention in reviewing the Civil Rights Attorney's Fees Awards Act of 1976, holding that rates for fees under the Act are to be determined by the prevailing market rates. *See* ***Blum v. Stenson***, 465 U.S. 886, 893-895 (1984).

Finally, defendant contends the district court erred when setting the hourly rate for out-of-town counsel. But the rate for out-of-town counsel was set at $75 less than requested by plaintiffs, and well within the acceptable market range.

The district court's determination regarding plaintiffs' attorneys rates was not clearly erroneous. (Plaintiffs' motion for summary affirmance of the portion of the judgment not contested on appeal is **DENIED** as moot.)

*AFFIRMED*

3